IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JAN NEWELL, | ) |
| Plaintiff, | ) Case No. 06 C 50137 |
| | ) Honorable Frederick J. Kapala |
| v. | ) Presiding |
| | ) Maj. Judge P. Michael Mahoney |
| DR. ANTREAS MESROBIAN ET AL., | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' LOCAL RULE 56.1 STATEMENT**

NOW COMES the Plaintiff, JAN NEWELL, by and through his attorneys, HOWARD, HARDYMAN & WORDEN, LLP, and for his Response to Defendants', DR. ANTREAS MESROBIAN ET AL., Local Rule 56.1 Statement, states as follows:

**PARTIES**

1-6. The Plaintiff does not dispute Defendants' paragraphs 1 through 6.

**JURISDICTION AND VENUE**

7-8. The Plaintiff agrees that this Court has proper jurisdiction and venue.

**RESPONSE TO DEFENDANTS' FACTS**

9. The Plaintiff does not dispute that he is a paraplegic requiring the use of a catheter.

10. The Plaintiff does not dispute that his amended complaint alleges each of the Defendants failed to regularly change, replace and properly place his catheter, causing infections that posed a serious risk to his health; however, based on facts gathered during discovery, the

Plaintiff no longer wishes to pursue his claims against Defendants Mesrobian, LaMere, Valdez, or Dahiya.

11-17. The Plaintiff does not dispute Defendants' paragraphs 11 through 17.

18. The Plaintiff does not dispute that Dr. Ngu does not recall changing Plaintiff's catheter or any other patients' catheters.

19. The Plaintiff disputes that Dr. Ngu's opinion is that Plaintiff received appropriate care. Dr. Ngu's actual opinion is inconclusive based on his deposition testimony. At first, Dr. Ngu states that the Plaintiff received appropriate care. (Ngu Depo. pg. 10) Later in the same deposition, Dr. Ngu changes his mind and states, "I don't have any opinion about improper treatment . . . I don't have an opinion as to whether he was treated improperly." (Ngu Depo. pg. 60)

20. The Plaintiff disputes that the standard treatment for a patient with an indwelling catheter is to "[m]onitor the patient's output, monitor the appearance of the urine, and check for signs of infection." (Defendants' Statement of Uncontested Facts ¶ 20). Rather, the standard procedure at Dixon is for indwelling catheters to be replaced every 30 days. (Valdez Depo. pg.10)

21. The Plaintiff does not dispute that he was seen at the University of Illinois Medical Center at Chicago ("UIC") on June 15, 2006 or that Dr. Ngu signed the form approving the UIC recommendation that Plaintiff's catheter be changed monthly.

22. The Plaintiff disputes that Dr. Ngu was not responsible for supervising the medical care provided by other providers. (Defendants' Statement of Uncontested Facts ¶ 22). The following facts show that Dr. Ngu was responsible for supervising medical care provided by

other providers: "[i]f a patient had an issue that needed to go off the institution grounds, then we had to clear that through the medical director[.]" (LaMere Depo. pg. 11); staff doctors "could certainly write orders for certain frequencies [of catheter changes] . . . but they could be overridden by the medical director if he didn't feel they were necessary." *Id.* at 20; regarding which treatment course to take for a urinary tract infection, medical staff "needed to await further direction from the medical director, because he has -- he had to make the choice of what else to do." *Id.* at 37; Dr. LaMere's "plan is to await further follow up appointments per medical director." *Id.* at 40; upon being asked if she worked under Dr. Ngu's supervision and control, Physician's Assistant ("P.A.") Valdez answered in the affirmative. (Valdez Depo. pg. 25)

      23.     The Plaintiff disputes the fact that Dr. Ngu was not responsible for changing catheters or for supervising medical staff. Doctors and P.A.s were responsible for changing Plaintiff's catheter, and Dr. Ngu and P.A. Valdez were present for Plaintiff's catheter changes. (Newell Depo. pgs. 8, 20) As demonstrated in paragraph 22 above, Dr. Ngu was directly responsible for approving or denying the treatment that patient received. Dr. Ngu also reviewed and signed at least one report recommending Newell's catheter be changed monthly. (Ngu Depo. pg. 85; Exhibit 14) As for supervision, when Dr. Ngu assumed the role of Medical Director, he was responsible "for the day-to-day management of patient care, as well as a supervisory position of medical staff, physicians, [and a] physician assistant." (Ngu Depo. pg. 15) In addition, Dr. Ngu stated he does not "directly" supervise nursing staff, but "[m]ostly maybe [the] director of nursing, if need be." (Ngu Depo. pg. 84). Dr. Ngu's deposition testimony also states that nursing staff, *or medical staff* could have changed the plaintiff's catheter. (Ngu Depo. pg. 33).

24. The Plaintiff does not dispute Defendants' paragraph 24.

25. The Plaintiff disputes that Paraplegia with use of an indwelling catheter necessarily leads to chronic urinary tract infections. P.A. Valdez stated that leaving a catheter in for more than 30 days can lead to infection. (Valdez Depo. pg. 10) Dr. Ronald Feeney is also expected to testify that the Dixon healthcare officials' failure to follow the UIC recommendations for routine catheter replacement and care resulted in Plaintiff having "significant and permanent loss of kidney function . . . [and] recurrent urinary tract infections[.]" (Dr. Thomas Feeney letter)

26-28. The Plaintiff does not dispute Defendants' paragraphs 26 through 28.

29. The Plaintiff does not dispute that nurses usually change catheters.

30. The Plaintiff disputes that infections relating to indwelling catheter use can be a common problem. See paragraph 25 *supra*.

31. The Plaintiff does not dispute that P.A. Valdez has never flushed a catheter.

32. The Plaintiff does not dispute that P.A. Valdez was aware UIC recommended Plaintiff have his catheter flushed daily.

**ADDITIONAL FACTS REQUIRING DENIAL OF SUMMARY JUDGMENT**

33. Contrary to multiple recommendations from urology specialists at UIC, Dr. Ngu failed to have Plaintiff's catheter changed monthly as directed. (Newell Depo pg. 9; Exhibit 12; Exhibit 13; Exhibit 14; Exhibit 16; Exhibit 17; Exhibit 24)

34. Among a litany of catheter related problems, the Plaintiff's symptoms resulted in him being nauseous and vomiting. (Newell Depo. pg. 7) Failure to properly change Plaintiff's catheter resulted in severe and frequent urinary tract infections and pain and discomfort. *Id*. at

7,10. The Plaintiff's condition degraded to the point where he needed a pacemaker because his heart was not functioning properly. *Id*. at 7. The Plaintiff suffered MRSA infections and developed a resistance to antibiotics as well. *Id*. at 19.

35. Dr. Ngu was the Medical Director at Dixon from approximately 2005 until 2009. (Ngu Depo. pgs. 14,6)

36. Dr. Ngu is not a urologist and has no formal training in changing catheters. (Ngu Depo. pg. 7)

37. Dr. Ngu was aware that Plaintiff's catheter was not being changed according to Dixon's procedure or the recommendation of UIC specialists. (See Exhibit 8) The Plaintiff informed Dr. Ngu and P.A. Valdez on numerous occasions that his catheter needed to be changed. (Newell Depo. pg. 21)

38. P.A. Valdez stated it would surprise her and be a cause for concern if she learned of a catheter being left in for multiple months. (Valdez Depo. pg. 11)

39. P.A. Valdez stated she changed his catheter at least one time several years ago. (Valdez Depo. pg. 11)

Dated: September 9 2013

                                    JAN NEWELL, Plaintiff

                                    BY:   /s/William J. Howard
                                              HOWARD, HARDYMAN & WORDEN, LLP

Attorney William J. Howard (ARDC # 1271288)
Howard, Hardyman & Worden, LLP
124 N. Water Street, Suite 100
Rockford, IL 61107
(815) 964-8888

**CERTIFICATE OF SERVICE**

  I hereby certify that on September 9, 2013, I electronically filed the foregoing Response to Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of the filing to counsel of record, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

              s/ William J. Howard
              William J. Howard (ARDC#1271288)
              Attorney for Plaintiff
              HOWARD, HARDYMAN & WORDEN, LLP
              124 North Water Street, Suite 100
              Rockford, IL   61107
              (815) 964-8888
              (815) 964-8779 - Fax